GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                Plaintiff, <br><br>     -v- <br><br> SARAH E. GLAISTER, <br><br>                Defendant. | 20 Civ. 3581 <br><br> **COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action against Defendant Sarah E. Glaister ("Sarah Glaister" or "Defendant") under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, and alleges upon information and belief as follows:

## INTRODUCTION

1.      Congress passed the BSA to facilitate and monitor compliance with currency regulation and tax laws. As part of this function, the BSA combats tax evasion and abusive tax schemes using offshore bank accounts, particularly in jurisdictions with bank secrecy laws that may hinder the enforcement of U.S. law.

2.      From 2009 to 2014, Sarah Glaister had a financial interest in an account at PKB Privatbank AG ("PKB"), a financial institution based in Switzerland, as well as in several accounts at LCL S.A., also known as Le Crédit Lyonnais ("LCL"), in France.

3.      During the period at issue, the account at PKB held a maximum balance of almost €250,000, the equivalent of almost $350,000, and the accounts at LCL held a maximum balance of more than €2.7 million, the equivalent of more than $3.9 million.

4.      After examination, the Internal Revenue Service ("IRS") concluded that Sarah Glaister willfully failed to disclose her interests in foreign accounts to U.S. authorities by filing the required report of foreign financial accounts commonly known as the "FBAR."

5.      In 2018, the IRS assessed penalties against Sarah Glaister totaling $2,026,969 for her willful violation of the FBAR disclosure requirement as to her accounts at PKB for calendar years 2009 through 2014, and as to her accounts at LCL for calendar years 2009 through 2013.

6.      The United States brings this suit to collect the unpaid civil penalties assessed against Sarah Glaister for her willful failure to report her financial interests in foreign financial accounts in calendar years 2009 to 2014, as required by 31 U.S.C. § 5314 and its implementing regulations.

## JURISDICTION AND VENUE

7.      The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the action seeks the recovery of a civil penalty, and the United States is the plaintiff.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## REGULATORY BACKGROUND

10.     Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," is required to report that interest for "each year in which such relationship exists."  31 C.F.R. § 1010.350(a).[1]

11.     The regulations define a U.S. person as a citizen of the United States or a resident alien, which includes any lawful permanent resident or any person meeting the substantial presence test under 26 U.S.C. § 7701(b)(3).  *See* 31 C.F.R. § 1010.350(b).

12.     To fulfill the reporting requirement described above, a U.S. person was required to file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, also known as an "FBAR," or any successor form,[2] by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(d); *see also Crawford v. U.S. Dep't of Treasury*, 868 F.3d 438, 450 (6th Cir. 2017) ("[FBAR] [r]eporting is required for accounts held during the previous calendar year if

---

[1] The regulations under 31 U.S.C. § 5314 were amended and renumbered in February 2011.  *See* 76 Fed. Reg. 10,234 (Feb. 24, 2011); *see also* 31 C.F.R. §§ 103.24, 103.27 (2008).

[2] As of 2013, Form TD F 90-22.1 was replaced with FinCEN Form 114 as the required form for filing an FBAR.

3

'the aggregate value of all foreign financial accounts exceeded $10,000 at any time during the calendar year reported.'").

13.     Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314.  Specifically, § 5321(a)(5)(C) provides for a maximum penalty for a willful violation of up to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

14.     The penalty set forth under 31 U.S.C. § 5321(a)(5)(C), if not timely paid, is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

**FACTUAL BACKGROUND**

15.     At the relevant times, Sarah Glaister was a naturalized citizen of the United States, having held that status since at latest 2007.

16.     From 2009 to 2014, Sarah Glaister was a U.S. person and resided in New York.

17.     Sarah Glaister, jointly with her spouse John K. Glaister (together, the "Glaisters") filed untimely U.S. tax returns for tax years 2009 through 2013.  While some of those returns disclosed that the Glaisters had interests in foreign accounts in France, they omitted the fact that Sarah Glaister also had interests in a foreign account in Switzerland during the same period.

18.     During calendar years 2009 through 2014, Sarah Glaister resided at 115 Hibernia Road, Salt Point, New York, in Dutchess County.

4

**A.**     **Sarah Glaister's Interest in an Account at PKB in Switzerland**

19.     During calendar years 2009 to 2014, Sarah Glaister had a financial interest in, or signature or other authority over, an account at PKB bearing number X.X.X2741[3] (the "PKB Account").

20.     The PKB Account was a bank, securities, or other financial account in a foreign country.

21.     The PKB Account was opened in 2004 in the name of "The Private Fiduciary Corporation as Trustee of Mrs. M.E. More Settlement," located in Saint John, New Brunswick, Canada, but used a mailing address in the Principality of Monaco.  The Mrs. M.E. More Settlement was a trust formed under the law of the Bahamas, and Sarah Glaister was a beneficiary of the trust.

22.     According to PKB records, Sarah Glaister inherited the funds in the trust in July 2005, upon the death of a relative.  A PKB document dated February 2007 acknowledged that Sarah Glaister was the beneficial owner of the funds in the PKB Account.

23.     In 2007, a person apparently acting as a representative of the trust[4] instructed PKB to wire the equivalent of £20,000, in U.S. dollars, to an account co-owned by Sarah Glaister.

24.     In June 2010, a person apparently acting as a representative of the trust noted that by "separate communication," PKB would be requested to "liquidate sufficient funds to make a £25,000 withdrawal from the portfolio to fund Sarah's French tax liability."

---

[3] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

[4] Because of Swiss data protection laws, the names of most third-party individuals and entities were redacted from certain PKB records.

25.     In November 2010, Sarah Glaister[5] advised PKB that she was in the south of France selling a relative's property, but that the proceeds of the sale would not be sent to PKB because "the house is declared and this trust isn't."  Bank personnel noted that Sarah Glaister "intends to transfer USD 100'000 [sic] to this account."

26.     In January 2014, Sarah Glaister signed a PKB instruction acknowledging that she was the "Controlling Person" of the PKB Account, and consenting to disclosure of information concerning the account to the IRS and to the U.S. Department of Justice.  At the same time, she provided a signed Form W-9.

27.     In 2014, Sarah Glaister's accountant, Mehernosh Motashaw, wrote a letter to PKB on Sarah Glaister's behalf in which he inaccurately stated that she has "always and in particular from 1 January 2008, disclosed all foreign bank account income and information to the US authorities as required by law."

28.     In August 2015, a person apparently acting as a representative of the trust instructed PKB to close the PKB Account and to transfer funds elsewhere.  Among these transfers was a transfer of $56,749.28 to an account in Sarah Glaister's name at Bank of America in New York.

29.     As early as 2009, Sarah Glaister filed untimely FBARs disclosing an account at LCL during years 2006 through 2008.  Additionally, in 2013 and 2015, Sarah Glaister filed FBARs disclosing certain accounts at LCL.  Despite her awareness of the FBAR disclosure requirement, Sarah Glaister willfully failed to disclose her interest in the PKB Account by filing timely FBARs for calendar years 2009 through 2014, as further set forth below.

---

[5] Identified in the records as "the B.O.," which appears to stand for "beneficial owner."

6

### i.   Calendar Year 2009

30.     The balance of the PKB Account exceeded $10,000 in 2009.

31.     The 2009 year-end balance of the PKB Account was €242,237, or approximately

$347,064.[6]

32.     The due date for filing an FBAR for calendar year 2009 was June 30, 2010.  Sarah

Glaister failed to file an FBAR to report her interest in the PKB Account for calendar year 2009

by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the PKB Account for

calendar year 2009, as required by 31 U.S.C. § 5314.

33.     Sarah Glaister's failure to file an FBAR for the PKB Account for calendar year

2009 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### ii.   Calendar Year 2010

34.     The balance of the PKB Account exceeded $10,000 in 2010.

35.     The 2010 year-end balance of the PKB Account was €208,245, or approximately

$276,299.

36.     The due date for filing an FBAR for calendar year 2010 was June 30, 2011.  Sarah

Glaister failed to file an FBAR to report her interest in the PKB Account for calendar year 2010

by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the PKB Account for

calendar year 2010, as required by 31 U.S.C. § 5314.

37.     Sarah Glaister's failure to file an FBAR for the PKB Account for calendar year

2010 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

---

[6] Currency conversions for the PKB Account were performed using the conversion rates
provided in contemporaneous asset statements produced by PKB.

### iii.   Calendar Year 2011

38.     The balance of the PKB Account exceeded $10,000 in 2011.

39.     On June 30, 2011, the balance of the PKB Account was €200,759, or approximately $291,562.  The 2011 year-end balance of the PKB Account was €187,587, or approximately $243,713.

40.     The due date for filing an FBAR for calendar year 2011 was June 30, 2012.  Sarah Glaister failed to file an FBAR to report her interest in the PKB Account for calendar year 2011 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the PKB Account for calendar year 2011, as required by 31 U.S.C. § 5314.

41.     Sarah Glaister's failure to file an FBAR for the PKB Account for calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iv.   Calendar Year 2012

42.     The balance of the PKB Account exceeded $10,000 in 2012.

43.     On March 31, 2012, the balance of the PKB Account was €185,761, or approximately $247,638. On June 30, 2012, the balance of the PKB Account was €187,628, or approximately $238,025.  The 2012 year-end balance of the PKB Account was €184,456, or approximately $243,842.

44.     The due date for filing an FBAR for calendar year 2012 was June 30, 2013.  Sarah Glaister failed to file an FBAR to report her interest in the PKB Account for calendar year 2012 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the PKB Account for calendar year 2012, as required by 31 U.S.C. § 5314.

45.     Sarah Glaister's failure to file an FBAR for the PKB Account for calendar year 2012 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

8

### v.  Calendar Year 2013

46.     The balance of the PKB Account exceeded $10,000 in 2013.

47.     On June 30, 2013, the balance of the PKB Account was €184,135, or approximately $239,375.  The 2013 year-end balance of the PKB Account was €180,292, or approximately $248,190.

48.     The due date for filing an FBAR for calendar year 2013 was June 30, 2014.  Sarah Glaister failed to file an FBAR to report her interest in the PKB Account for calendar year 2013 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the PKB Account for calendar year 2013, as required by 31 U.S.C. § 5314.

49.     Sarah Glaister's failure to file an FBAR for the PKB Account for calendar year 2013 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### vi.  Calendar Year 2014

50.     The balance of the PKB Account exceeded $10,000 in 2014.

51.     On June 30, 2014, the balance of the PKB Account was €179,434, or approximately $245,663.  The 2014 year-end balance of the PKB Account was €184,213, or approximately $223,929.

52.     The due date for filing an FBAR for calendar year 2014 was June 30, 2015.  Sarah Glaister failed to file an FBAR reporting her interest in the PKB Account for calendar year 2014 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the PKB Account for calendar year 2014, as required by 31 U.S.C. § 5314.

53.     Sarah Glaister's failure to file an FBAR for the PKB Account for calendar year 2014 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

9

**B.**     **Sarah Glaister's Accounts at LCL in France**

54.     During calendar years 2009 to 2014, Sarah Glaister had a financial interest in, or signature or other authority over, several accounts at LCL in France.

55.     From 2009 to 2013, Sarah Glaister had a financial interest in, or signature or other authority over, an account at LCL numbered XXX319T.

56.     From 2009 to 2011, Sarah Glaister had a financial interest in, or signature or other authority over, an account at LCL numbered XXX720T.[7]

57.     From 2011 to 2013, Sarah Glaister had a financial interest in, or signature or other authority over, an account at LCL numbered XXX661P.

58.     From 2012 to 2013, Sarah Glaister had financial interests in, or signature or other authority over, accounts at LCL numbered XXX298B, XXX382F, XXX456H, and XXX120R.

59.     All of the aforementioned seven LCL accounts (together, the "LCL Accounts") were bank, securities, or other financial accounts in a foreign country.

60.     Sarah Glaister's LCL statements were addressed to "Mme Sarah Glaister, 115 Hibernia Rd, Salt Point NY 12578, Etats-Unis."

61.     In 2009, Sarah Glaister filed untimely FBARs disclosing the XXX319T account at LCL during calendar years 2006 through 2008.  In 2013, Sarah Glaister filed an untimely FBAR disclosing the same account for calendar year 2009.  Additionally, in 2015, Sarah Glaister filed an FBAR disclosing certain accounts at LCL during calendar year 2014.  Despite her awareness of the FBAR disclosure requirement, Sarah Glaister willfully failed to disclose her

---

[7] The IRS inferred from a January 2010 LCL statement that Sarah Glaister had an interest in this account in calendar year 2009.

interest in the LCL Accounts by filing timely FBARs for calendar years 2009 through 2013, as further set forth below.

### i.  Calendar Year 2009

62.     The balance of the LCL Accounts, in the aggregate, exceeded $10,000 in 2009.

63.     The due date for filing an FBAR for calendar year 2009 was June 30, 2010.  Sarah Glaister failed to file an FBAR to report her interest in the LCL Accounts numbered XXX319T and XXX720T for calendar year 2009 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the relevant LCL Accounts for calendar year 2009, as required by 31 U.S.C. § 5314.[8]

64.     Sarah Glaister's failure to file a timely FBAR for the relevant LCL Accounts for calendar year 2009 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### ii.  Calendar Year 2010

65.     The balance of the LCL Accounts, in the aggregate, exceeded $10,000 in 2010.

66.     As of August 25, 2010, the balance of the XXX319T account was €18,649.62, and the balance of the XXX720T account was €444.59, for a total of €19,094.21, or approximately $24,159.[9]  As of December 25, 2010, the balance of the XXX319T account was €6,551.81, and the balance of the XXX720T account was €444.59, for a total of €6,996.40, or approximately $9,176.

---

[8] As noted *supra*, Sarah Glaister later reported her interest in the XXX319T account at LCL during calendar year 2009 via an untimely FBAR filed in 2013.  This FBAR stated that the maximum value of the account during that year was $50,000.

[9] Currency conversions for the LCL Accounts were performed using historical rates available at https://www.xe.com/currencytables.

67.     The due date for filing an FBAR for calendar year 2010 was June 30, 2011.  Sarah Glaister failed to file an FBAR to report her interest in the LCL Accounts numbered XXX319T and XXX720T for calendar year 2010 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the relevant LCL Accounts for calendar year 2010, as required by 31 U.S.C. § 5314.

68.     Sarah Glaister's failure to file a timely FBAR for the relevant LCL Accounts for calendar year 2010 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iii.  Calendar Year 2011

69.     The balance of the LCL Accounts, in the aggregate, exceeded $10,000 in 2011.

70.     As of March 25, 2011, the balance of the XXX661P account was €2,732,100, and the balance of the XXX319T account was €1,403.64, for a total of €2,733,504.64, or approximately $3,922,651.  As of December 25, 2011, the balance of the XXX661P account was €1,547,327.13, and the balance of the XXX319T account was €595.07, for a total of €1,547,922.20, or approximately $2,018,800.

71.     The due date for filing an FBAR for calendar year 2011 was June 30, 2012.  Sarah Glaister failed to file an FBAR to report her interest in the LCL Accounts numbered XXX319T, XXX720T, and XXX661P for calendar year 2011 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the relevant LCL Accounts for calendar year 2011, as required by 31 U.S.C. § 5314.

72.     Sarah Glaister's failure to file a timely FBAR for the relevant LCL Accounts for calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iv.  Calendar Year 2012

73.     The balance of the LCL Accounts, in the aggregate, exceeded $10,000 in 2012.

74.     As of January 2, 2012, the balance of the XXX661P account was €1,575,263.15, and the balance of the XXX319T account was €587.56, for a total of €1,575,850.71, or approximately $2,036,163.

75.     As of September 4, 2012, the balance of the XXX298B account was €59,310, or approximately $74,527; the balance of the XXX382F account was €15,300, or approximately $19,226; the balance of the XXX456H account was €20,000, or approximately $25,131.42; and the balance of the XXX120R account was €15,300, or approximately $19,226.

76.     The due date for filing an FBAR for calendar year 2012 was June 30, 2013.  Sarah Glaister failed to file an FBAR to report her interest in the LCL Accounts numbered XXX319T, XXX661P, XXX298B, XXX382F, XXX456H, and XXX120R for calendar year 2012 by the deadline.  Accordingly, Sarah Glaister failed to timely disclose the relevant LCL Accounts for calendar year 2012, as required by 31 U.S.C. § 5314.

77.     Sarah Glaister's failure to file a timely FBAR for the relevant LCL Accounts for calendar year 2012 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

**v.   Calendar Year 2013**

78.     The balance of the LCL Accounts, in the aggregate, exceeded $10,000 in 2013.

79.     As of June 25, 2013, the balance of the XXX661P account was €165,000; the balance of the XXX298B account was €60,199.83; the balance of the XXX120R account was €15,395.93; the balance of the XXX456H account was €20,188.09; the balance of the XXX382F account was €15,443.91; and the balance of the XXX319T account was €3,745.10, for a grand total of €279,972.86, or approximately $366,169.  As of December 25, 2013, the balance of the XXX661P account was €165,000; the balance of the XXX298B account was €60,469.83; the balance of the XXX120R account was €15,395.93; the balance of the XXX456H account was

€20,188.09; the balance of the XXX382F account was €15,443.91; and the balance of the

XXX319T account was €676.90, for a grand total of €277,174.66, or approximately $379,385.

80.     The due date for filing an FBAR for calendar year 2013 was June 30, 2014.  Sarah

Glaister failed to file an FBAR to report her interest in the LCL Accounts numbered XXX319T,

XXX661P, XXX298B, XXX382F, XXX456H, and XXX120R for calendar year 2013 by the

deadline.  Accordingly, Sarah Glaister failed to timely disclose the relevant LCL Accounts for

calendar year 2013, as required by 31 U.S.C. § 5314.

81.     Sarah Glaister's failure to file a timely FBAR for the relevant LCL Accounts for

calendar year 2013 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

**C.     Sarah Glaister Filed Materially Inaccurate or Incomplete Tax Returns and FBARs**

82.     Between 2013 and 2015, Sarah and John Glaister jointly filed late tax returns for

tax years 2009, 2010, 2011, 2012, and 2013.  In those returns, the Glaisters responded

affirmatively to a question asking whether they had an interest in or signature authority over a

financial account in a foreign country.  However, for 2009 and 2012, the relevant country was

omitted, and for 2010, 2011, and 2013, the only country listed was France.

83.     The 2011 through 2013 returns included the question, "are you required to file

Form TD F 90-22.1 to report that financial interest or signatory authority?" and directed the filer

to the FBAR form and its instructions.  In the 2011 return (untimely filed in 2015), the Glaisters

responded "No"; in the 2012 and 2013 returns (also untimely filed in 2015), the Glaisters

responded "Yes."

84.     Thus, despite this express inquiry on the tax return, Sarah Glaister failed to

disclose that she also had an interest in the PKB Account in Switzerland.  Moreover, despite

acknowledging she had foreign accounts in France during certain years, Sarah Glaister failed to

file timely FBARs for the PKB Account and the relevant LCL Accounts for the relevant calendar years.

85.    In January 2012, the Glaisters' accountant, Mehernosh Motashaw, sent them a letter alerting them that "those with assets abroad" were required to file, *inter alia*, the "Foreign Bank Account Report (Form 90-22.1)."  Despite this, however, Sarah Glaister did not submit timely FBARs disclosing the PKB or LCL Accounts for the calendar years at issue.[10]

86.    In 2015, Sarah Glaister filed an FBAR for calendar year 2014, which disclosed five LCL accounts, numbered XXX382F, XXX298B, XXX661P, XXX456H, and XXX120R.

**D.    Examination and Assessment of Civil Penalties**

87.    On March 28, 2017, Sarah Glaister's representative agreed in writing to extend the time within which the IRS may assess an FBAR penalty for each of calendar years 2009 and 2010 until June 30, 2018.

88.    In 2017, the IRS requested information via summonses under 26 U.S.C. § 7602 from the Glaisters and from their accountant, Mehernosh Motashaw, regarding, *inter alia*, the Glaisters' foreign accounts.  The Glaisters failed or refused to comply in full.  In May 2018, the United States petitioned the Court to compel their compliance, and in July 2018 Judge Paul A. Engelmayer entered orders overruling the Glaisters' and Motashaw's objections and compelling their compliance, in substantial part.  *See* Order, *United States v. Glaister*, 18 Misc. 213 (PAE) [ECF No. 18] (S.D.N.Y. filed July 11, 2018); Order, *United States v. Motashaw*, 18 Misc. 212 (PAE) [ECF No. 15] (S.D.N.Y. filed July 11, 2018).

---

[10] As noted *supra*, in 2009, Sarah Glaister filed untimely FBARs disclosing one account at LCL during calendar years 2006 through 2008; in 2013, she filed an untimely FBAR disclosing one account at LCL during calendar year 2009; and in 2015, she filed an FBAR disclosing several accounts at LCL in calendar year 2014.

89.     On April 24, 2018, the IRS proposed penalties against Sarah Glaister for willful failure to file FBARs with respect to the PKB and LCL Accounts.

90.     On May 8, 2018, the IRS assessed penalties totaling $2,026,969 against Sarah Glaister for her willful failure to disclose the PKB and LCL Accounts by filing timely FBARs from 2009 to 2014.  Specifically, the IRS assessed penalties against Sarah Glaister as follows:

- For 2009: penalties totaling $219,375 for willful failure to disclose the PKB and relevant LCL Accounts, comprising $205,044 for the PKB Account, $14,057 for the LCL account ending in XXX319T, and $274 for the LCL account ending in XXX720T;

- For 2010: penalties totaling $234,710 for willful failure to disclose the PKB and relevant LCL Accounts, comprising $219,376 for the PKB Account, $15,040 for the LCL account ending in XXX319T, and $294 for the LCL account ending in XXX720T;

- For 2011: penalties totaling $906,370 for willful failure to disclose the PKB and relevant LCL Accounts, comprising $130,192 for the PKB Account, $2,634 for the LCL account ending in XXX319T, $174 for the LCL account ending in XXX720T, and $773,370 for the LCL account ending in XXX661P;

- For 2012: penalties totaling $296,977 for willful failure to disclose the PKB and relevant LCL Accounts, comprising $137,428 for the PKB Account, $113,877 for the LCL accounts ending in XXX319T and XXX661P, $24,732 for the LCL account ending in XXX298B, $6,373 for the LCL account ending in XXX382F, $8,253 for the LCL account ending in XXX456H, and $6,314 for the LCL account ending in XXX120R;

- For 2013: penalties totaling $269,537 for willful failure to disclose the PKB and relevant LCL Accounts, comprising $100,000 for the PKB Account, $102,965 for the LCL accounts ending in XXX319T and XXX661P, $30,989 for the LCL account ending in XXX298B, $10,805 for the LCL account ending in XXX382F, $14,062 for the LCL account ending in XXX456H, and $10,716 for the LCL account ending in XXX120R; and

- For 2014: a penalty of $100,000 for willful failure to disclose the PKB Account.[11]

91.    On May 15, 2018, the IRS sent Sarah Glaister a demand for payment of the FBAR penalties assessed against her.  Sarah Glaister has not paid the assessed amount.

92.    Since the date on which the IRS assessed FBAR penalties against Sarah Glaister, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

## CLAIM FOR RELIEF
## Judgment for Civil Penalties Against Sarah E. Glaister, 31 U.S.C. § 5321(a)(5)

93.    The allegations in paragraphs 1 through 92 are repeated and realleged as though set forth fully herein.

94.    The United States seeks to collect the FBAR penalties that the IRS assessed against Sarah Glaister on May 8, 2018, except to the extent those amounts exceed the statutory

---

[11] At the time the IRS assessed these penalties against Sarah Glaister, she had failed to respond fully to IRS requests for PKB Account records that stated the amounts in the accounts during the years at issue.  The government has subsequently obtained additional records and continues to evaluate whether any of the amounts sought exceed the statutory maximum set under 31 U.S.C. § 5321(a)(5)(C).  The United States requests the entry of judgment in the amount of the assessments, except to the extent the amounts exceed the relevant statutory maximum as determined by the Court in accordance with law, plus any applicable interest and penalties as provided by statute.

maximum under 31 U.S.C. § 5321(a)(5)(C) as determined by the Court in accordance with law, plus interest and additional penalties that have accrued and continue to accrue as provided by law.

95.     Sarah Glaister owes the United States the FBAR penalties totaling $2,026,969, except to the extent those amounts exceed the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) as determined by the Court in accordance with law, plus associated penalties and interest pursuant to 31 U.S.C. § 3717, which continue to accrue, less any amounts collected.

96.     The United States may bring suit to recover the FBAR penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the FBAR penalties were assessed.  31 U.S.C. § 5321(b)(2)(A).  This action is brought within the 2-year limitations period.

## RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a)     awarding the United States the amount of the FBAR penalties assessed against Defendant Sarah E. Glaister totaling $2,026,969, except to the extent those amounts exceed the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) as determined by the Court in accordance with law, plus interest and additional penalties as allowed by law from May 8, 2018, to the date of payment; and

(b)     granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated:   May 7, 2020
         New York, New York

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   /s/ Samuel Dolinger
     SAMUEL DOLINGER
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel.:  (212) 637-2677
     E-mail: samuel.dolinger@usdoj.gov