

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 7, 2020

<u>Via ECF</u>
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Sarah E. Glaister*, 20 Civ. 3581
            *United States v. John K. Glaister*, 20 Civ. 3583

Your Honor:

    This Office represents the United States of America (the "United States" or the "government") in the above-referenced actions against defendants Sarah E. Glaister and John K. Glaister (together, the "Glaisters"), which were filed earlier today and have not yet been assigned to a district judge. These actions seek to collect civil penalties assessed against the Glaisters for their willful failure to file the required report of foreign financial accounts commonly known as the "FBAR," pursuant to the Bank Secrecy Act, 31 U.S.C. §§ 5314 and 5321. I write respectfully in accordance with Local Civil Rule 1.6 and Federal Rule of Civil Procedure 42 to request that these actions be consolidated.

    The United States respectfully requests that these actions be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure, which provides that actions that "involve a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 30 (2d Cir. 1999). "[C]onsiderations of judicial economy favor consolidation," although such factors "must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Consolidation serves to eliminate "the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts." *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (citation omitted). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

    The Glaisters are a married couple who are each alleged to have willfully failed to report their interests in foreign financial accounts. While the relevant financial accounts are distinct, these cases will share common questions of both law and fact. The government expects that the evidence and discovery in these cases will overlap, including because the Glaisters filed joint tax returns during the years in question and employed the same accountant. Moreover, the legal regime requiring disclosure under the Bank Secrecy Act is common ground in both cases.

For the same reasons, the Court may also consider these cases related pursuant to Local Rule 1.6 and Rule 13 of the Court's Rules for the Division of Business Among District Judges.

Accordingly, the United States respectfully submits that the consolidation of these cases before the same district judge will serve judicial economy, as well as the convenience of the parties and witnesses. The actions are likely to present factual and legal issues whose resolution will be facilitated and streamlined through consolidation, and the government does not believe that consolidation would cause any unfair prejudice.[1]

Thank you for your consideration of this matter.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York

By:    /s/ Samuel Dolinger
        SAMUEL DOLINGER
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2677
        E-mail: samuel.dolinger@usdoj.gov

---

[1] The United States notes that the government has filed previous actions against the Glaisters and their accountant, seeking to enforce Internal Revenue Service summonses that requested documents and testimony under 26 U.S.C. §§ 7602 and 7604. These cases were litigated before the Honorable Paul A. Engelmayer in 2018 and have now concluded. *See United States v. Glaister*, 18 Misc. 213 (PAE); *United States v. Motashaw*, 18 Misc. 212 (PAE). No appeals are pending.