Frank Agostino, Esq.
AGOSTINO & ASSOCIATES, P.C.
Attorneys for Defendant
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400
Fagostino@agostinolaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 20 Civ. 3581 |
| v. | ) |
| | ) |
| SARAH E. GLAISTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 20 Civ. 3583 |
| v. | ) |
| | ) **ANSWER ON BEHALF OF** |
| JOHN K. GLAISTER, | ) **DEFENDANT SARAH E. GLAISTER** |
| | ) |
| Defendant. | ) |
| | ) |

The defendant, Sarah E. Glaister ("Defendant"), by and through her undersigned counsel, by way of Answer to Plaintiff's Complaint to collect civil penalties, hereby states:

### INTRODUCTION

1.   Denies for lack of knowledge.

2.   Admits.

3.   Denies for lack of knowledge.

4.   Denies for lack of knowledge.

5.   Denies for lack of knowledge.

6.   Denies for lack of knowledge.

**JURISDICTION AND VENUE**

7.   Denies for lack of knowledge.

8.   Admits.

9.   Admits.

**REGULATORY BACKGROUND**

10.   Denies for lack of knowledge.

11.   Denies for lack of knowledge.

12.   Denies for lack of knowledge.

13.   Denies for lack of knowledge.

14.   Denies for lack of knowledge.

**FACTUAL BACKGROUND**

15.   Admits.

16.   Admits.

17.   Denies.

18.   Admits.

**A.   PKB Bank**

19.   Admits.

20.   Admits.

21.   Denies for lack of knowledge.

22.   Denies for lack of knowledge.

23.   Denies for lack of knowledge.

24.   Denies for lack of knowledge.

25.  Denies.

26.  Denies.

27.  Denies for lack of knowledge.

28.  Denies for lack of knowledge.

29.  Denies.

**i.  Calendar Year 2009**

30.  Denies for lack of knowledge.

31.  Denies for lack of knowledge.

32.  Denies.

33.  Denies.

**ii.  Calendar Year 2010**

34.  Denies for lack of knowledge.

35.  Denies for lack of knowledge.

36.  Denies.

37.  Denies.

**iii. Calendar Year 2011**

38.  Denies for lack of knowledge.

39.  Denies for lack of knowledge.

40.  Denies.

41.  Denies.

**iv.  Calendar Year 2012**

42.  Denies for lack of knowledge.

43.  Denies for lack of knowledge.

44.  Denies.

45. Denies.

**v.    Calendar Year 2013**

46. Denies for lack of knowledge.

47. Denies for lack of knowledge.

48. Denies.

49. Denies.

**vi.   Calendar Year 2014**

50. Denies for lack of knowledge.

51. Denies for lack of knowledge.

52. Denies.

53. Denies.

**B.    LCL Bank**

54. Admits.

55. Denies.

56. Denies.

57. Admits.

58. Denies.

59. Admits.

60. Denies.

61. Denies.

**i.    Calendar Year 2009**

62. Denies for lack of knowledge.

63. Denies for lack of knowledge.

64. Denies.

**ii.  Calendar Year 2010**

65.   Denies for lack of knowledge.

66.   Denies for lack of knowledge.

67.   Denies.

68.   Denies.

**iii. Calendar Year 2011**

69.   Denies for lack of knowledge.

70.   Denies for lack of knowledge.

71.   Denies.

72.   Denies.

**iv.  Calendar Year 2012**

73.   Denies for lack of knowledge.

74.   Denies for lack of knowledge.

75.   Denies for lack of knowledge.

76.   Denies.

77.   Denies.

**v.   Calendar Year 2013**

78.   Denies for lack of knowledge.

79.   Denies for lack of knowledge.

80.   Denies.

81.   Denies.

**C.   Tax Returns and FBARs**

82.   Denies.

83.   Admits.

84.   Denies.

85.   Denies.

86.   Admits.

**D.    Examination and Penalties**

87.   Denies for lack of knowledge.

88.   Denies.

89.   Denies for lack of knowledge.

90.   Denies for lack of knowledge.

91.   Admits.

92.   Denies for lack of knowledge.

<strong>DEFENDANT'S AFFIRMATIVE DEFENSES FOR 2009</strong>

1.    Defendant's FBAR filing for 2009 was not untimely.

2.    Equitable estoppel precludes Plaintiff's claim that Defendant's filing was untimely.

3.    Defendant's failure to file, under 31 U.S.C. § 5321, was not willful.

4.    Defendant substantially complied with her filing obligations under 31 U.S.C. § 5314.

5.    Reasonable cause excuses Defendant's alleged non-compliance with 31 U.S.C. § 5314.

6.    If a penalty is appropriate, it cannot exceed $10,000.00 because Defendant's failure was non-willful.

7.    If a penalty is appropriate, and is determined to be willful, then it cannot exceed $100,000.00 pursuant to 31 C.F.R. § 1010.820(g)(2).

8.    Plaintiff's penalty is excessive and violates the Excessive Fines Clause of the United States Constitution.

9.    The statute of limitations to assess the penalty expired prior to assessment.

### DEFENDANT'S AFFIRMATIVE DEFENSES FOR 2010

1.    Defendant's FBAR filing for 2010 was not untimely.

2.    Equitable estoppel precludes Plaintiff's claim that Defendant's filing was untimely.

3.    Defendant's failure to file, under 31 U.S.C. § 5321, was not willful.

4.    Defendant substantially complied with her filing obligations under 31 U.S.C. § 5314.

5.    Reasonable cause excuses Defendant's alleged non-compliance with 31 U.S.C. § 5314.

6.    If a penalty is appropriate, it cannot exceed $10,000.00 because Defendant's failure was non-willful.

7.    If a penalty is appropriate, and is determined to be willful, then it cannot exceed $100,000.00 pursuant to 31 C.F.R. § 1010.820(g)(2).

8.    Plaintiff's penalty is excessive and violates the Excessive Fines Clause of the United States Constitution.

9.    The statute of limitations to assess the penalty expired prior to assessment.

### DEFENDANT'S AFFIRMATIVE DEFENSES FOR 2011

1.    Defendant's FBAR filing for 2011 was not untimely.

2.    Equitable estoppel precludes Plaintiff's claim that Defendant's filing was untimely.

3.    Defendant's failure to file, under 31 U.S.C. § 5321, was not willful.

4.    Defendant substantially complied with her filing obligations under 31 U.S.C. § 5314.

5.    Reasonable cause excuses Defendant's alleged non-compliance with 31 U.S.C. § 5314.

6.    If a penalty is appropriate, it cannot exceed $10,000.00 because Defendant's failure was non-willful.

7.    If a penalty is appropriate, and is determined to be willful, then it cannot exceed $100,000.00 pursuant to 31 C.F.R. § 1010.820(g)(2).

8.    Plaintiff's penalty is excessive and violates the Excessive Fines Clause of the United States Constitution.

### DEFENDANT'S AFFIRMATIVE DEFENSES FOR 2012

1.    Defendant's FBAR filing for 2012 was not untimely.

2.    Equitable estoppel precludes Plaintiff's claim that Defendant's filing was untimely.

3.   Defendant's failure to file, under 31 U.S.C. § 5321, was not willful.

4.   Defendant substantially complied with her filing obligations under 31 U.S.C. § 5314.

5.   Reasonable cause excuses Defendant's alleged non-compliance with 31 U.S.C. § 5314.

6.   If a penalty is appropriate, it cannot exceed $10,000.00 because Defendant's failure was non-willful.

7.   If a penalty is appropriate, and is determined to be willful, then it cannot exceed $100,000.00 pursuant to 31 C.F.R. § 1010.820(g)(2).

8.   Plaintiff's penalty is excessive and violates the Excessive Fines Clause of the United States Constitution.

### DEFENDANT'S AFFIRMATIVE DEFENSES FOR 2013

1.   Defendant's FBAR filing for 2013 was not untimely.

2.   Equitable estoppel precludes Plaintiff's claim that Defendant's filing was untimely.

3.   Defendant's failure to file, under 31 U.S.C. § 5321, was not willful.

4.   Defendant substantially complied with her filing obligations under 31 U.S.C. § 5314.

5.   Reasonable cause excuses Defendant's alleged non-compliance with 31 U.S.C. § 5314.

6.    If a penalty is appropriate, it cannot exceed $10,000.00 because Defendant's failure was non-willful.

7.    If a penalty is appropriate, and is determined to be willful, then it cannot exceed $100,000.00 pursuant to 31 C.F.R. § 1010.820(g)(2).

8.    Plaintiff's penalty is excessive and violates the Excessive Fines Clause of the United States Constitution.

### DEFENDANT'S AFFIRMATIVE DEFENSES FOR 2014

1. Defendant's FBAR filing for 2014 was not untimely.

2.    Equitable estoppel precludes Plaintiff's claim that Defendant's filing was untimely.

3.    Defendant's failure to file, under 31 U.S.C. § 5321, was not willful.

4.    Defendant substantially complied with her filing obligations under 31 U.S.C. § 5314.

5.    Reasonable cause excuses Defendant's alleged non-compliance with 31 U.S.C. § 5314.

6.    If a penalty is appropriate, it cannot exceed $10,000.00 because Defendant's failure was non-willful.

7.    If a penalty is appropriate, and is determined to be willful, then it cannot exceed $100,000.00 pursuant to 31 C.F.R. § 1010.820(g)(2).

8.    Plaintiff's penalty is excessive and violates the Excessive Fines Clause of the United States Constitution.

- 11 -

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's complaint with prejudice, award Defendant attorney's fees and costs, and for any other relief this Court deems just and proper.

Dated: Hackensack, New Jersey
      July 30, 2020

                               AGOSTINO & ASSOCIATES, A
                               Professional Corporation

                               By: _____
                               Frank Agostino, Esq. (FA5896)
                               Attorneys for Defendant
                               JOHN K. GLAISTER
                               14 Washington Place
                               Hackensack, NJ 07601
                               (201) 488-5400
                               fagostino@agostinolaw.com

## CERTIFICATE OF SERVICE

It is hereby certified that on July 30, 2020, I electronically filed the foregoing Answer for Defendant with the Clerk of the Court for the United States District Court, Southern District of New York using the CM/ECF system. Counsel for the Appellee is a registered CM/ECF user and will be served by the CM/ECF system.

I further certify that I have also sent courtesy copies of the Answer, via Certified Mail, Return Receipt Requested and Federal Express, to Plaintiff's counsel and Judge Roman's Chambers, respectively located at:


United States of America
United States Attorney's Office, SDNY
Attn: AUSA Samuel Dolinger
86 Chambers Street, 3rd Floor
New York, New York 10007

Honorable Nelson S. Roman
United States Courthouse
300 Quarropas Street
White Plains, NY 10601
Courtroom 218


Date: July 30, 2020

Frank Agostino
Counsel for Defendant
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 107