UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
United States of America,

                            Plaintiff,

           -against-

Sarah E. Glaister,

                            Defendant.
-------------------------------------------------------X
United States of America,

                            Plaintiff,

           -against-

John K. Glaister,

                            Defendant.
-------------------------------------------------------X

**MEMORANDUM AND ORDER**

20 Civ. 3581 (NSR)(PED)
(Lead Case)

20 Civ. 3583 (NSR)(PED)
(Related Case)

**PAUL E. DAVISON, U.S.M.J.:**

       The United States of America brings these consolidated civil actions against Sarah and

John Glaister ("Defendants") to recover penalties assessed for alleged violations of Sections

5314 and 5321 of the Bank Secrecy Act.  Pending before the Court is a letter motion by the

United States pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure to recover

expenses it incurred in effecting service of process on Defendants who declined to waive service.

       A plaintiff may request that an individual "subject to service under Rule 4(e), (f), or (h)"

waive service of a summons.  Fed. R. Civ. P. 4(d).  The notice and request to waive service must

comply with the following requirements:

              (A) be in writing and be addressed:

                      (i) to the individual defendant; or

                      (ii) for a defendant subject to service under Rule 4(h), to an

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1)(A) - (G).

If a defendant refuses to waive service without good cause, the court "must" impose on the defendant the expenses incurred in serving the summons and reasonable expenses of any motion required to collect those expenses.  Fed. R. Civ. P. 4(d)(2).  However, "the procedural requirements of Rule 4(d)(1) are a 'condition precedent to a demand for costs for refusal to waive service.'"  *Kumaran v. Vision Fin. Markets, LLC*, Case No. 20 Civ. 3871 (GHW)(SDA), 2021 WL 1192111, at *2 (S.D.N.Y. Mar. 30, 2021) (internal citations omitted).  A plaintiff need only show "substantial compliance" with the requirements under Rule 4(d)(1).  *Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 126 (S.D.N.Y. 1999).

Here, the United States has not demonstrated substantial compliance with Rule 4(d)(1) because it did not provide written notice to Defendants individually as required by Rule 4(d)(1)(A)(i).  Upon commencing these actions, the United States sent email correspondence to

Frank Agostino, Esq., an attorney who had previously represented Defendants in unrelated matters.  Mr. Agostino was not the attorney of record and did not at that time represent Defendants with respect to the instant matters.  On May 22, 2020, in response to the Government's email,  Phillip Colsanto, Esq., another attorney associated with Mr. Agostino's firm who has not appeared in this case, asked the United States for additional time to respond. Neither Defendants nor counsel responded further, but on June 22, 2020 the United States informed Mr. Colsanto and Mr. Agostino that it would seek expenses under Rule 4.  The United States served Defendants on July 10, 2020 at their home in New York State.  Issue was joined on July 30, 2020, at which time Mr. Agostino appeared on behalf of Defendants.  There is no indication that the United States ever contacted Defendants directly, by letter, email, or otherwise.  The United States has not shown, therefore, that it provided notice or the waiver request to Defendants.

Similarly, the United States has not shown that Mr. Agostino was deemed an agent authorized to receive service of process on behalf of Defendants.[1]  "[S]imply serving in the capacity of attorney, or representing the client previously, does not render the attorney an agent for service of process."  *Obot v. Citibank South Dakota, N.A.*, 2006 WL 6905256 (W.D.N.Y. Oct. 17, 2006), *aff'd* 347 Fed. App'x 658 (2d Cir. 2009).

Mr. Agostino's subsequent appearance in these actions does not change the outcome because simply representing a client does not constitute authorization (let alone retroactive

---

[1]    Notably, Rule 4(d)(1)(A)(ii), which allows notice to be provided to an agent authorized to accept service on behalf of a defendant, only applies to defendants subject to service under Rule 4(h), a "corporation, partnership, or association," not, as here, individuals. Fed. R. Civ. P. 4(d)(1)(A)(ii).  The applicable rule here, therefore, was Rule 4(d)(1)(A)(i), which requires that notice be provided to the individual.  Therefore, the United States was required to send notice to Defendants individually and not their agent.

authorization) to accept service on the client's behalf. *See Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("service of process on an attorney not authorized to accept service for his client is ineffective.").

Nor does Mr. Colsanto's response satisfy the United States' burden. Even if Mr. Colsanto's response could be construed as "implying" an agency relationship to accept process on Defendant's behalf, such a representation must come from the client. *See Yaxin Jing v. Angel Tips, Inc.*, Case No. 11 Civ. 5073 (RRM)(JMA) 2013 WL 950585, at *3 n.1 (E.D.N.Y. Mar. 11, 2013) ("an attorney's claim that he is authorized to receive process is not by itself sufficient; there must be some evidence that the client intended to grant such authority.") (internal citations omitted).

In sum, the Government has not established substantial compliance with Rule 4(d)(1)(A). Accordingly, the motion is **DENIED**.

Dated:  April 21, 2021                                      **SO ORDERED**
       White Plains, New York

PAUL E. DAVISON, U.S.M.J.